## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

UNITED STATES OF AMERICA
f/u/b/o VARCO PRUDEN BUILDINGS,
a division of BLUESCOPE BUILDINGS
NORTH AMERICA, INC.,

       Plaintiff,

vs.                                   Case No. 3:21-cv-615-MMH-LLL

AMERICAN GENERAL
CONSTRUCTION, INC., et al.,

       Defendants.

_____

RQ CONSTRUCTION, LLC,

       Cross-Claimant,

vs.

AMERICAN GENERAL
CONSTRUCTION, INC.,

       Cross-Defendant.

_____

RQ CONSTRUCTION, LLC,

       Third-Party Plaintiff,

vs.

JOHNNY COIT,

       Third-Party Defendant.

_____

**O R D E R**

**THIS CAUSE** is before the Court on Defendants' Time-Sensitive Motion for Relief from Plaintiff's Motion for Summary Judgment Under Local Rule 3.01(e) (Doc. 61; Motion), filed December 16, 2021. Plaintiff filed a response in opposition to the Motion. <u>See</u> Plaintiff's Response to Defendants' Time-Sensitive Motion for Relief from Plaintiff's Motion for Summary Judgment (Doc. 69), filed December 29, 2021. Accordingly, this matter is ripe for review.

Plaintiff initiated this action on June 18, 2021, and filed the operative complaint on July 6, 2021. <u>See</u> Complaint for Damages (Doc. 1); Amended Complaint for Damages (Doc. 10; Amended Complaint). After consideration of the parties' Case Management Report (Doc. 42), the Court on September 16, 2021, entered a scheduling order. <u>See</u> Case Management and Scheduling Order and Referral to Mediation (Doc. 43; CMSO). On December 14, 2021, Plaintiff moved for summary judgment against Defendants on Count III of the Amended Complaint. <u>See</u> Plaintiff's Motion for Final Summary Judgment and Incorporated Memorandum of Law (Doc. 58; Summary Judgment Motion) at 2. Two days later, Defendants filed the Motion in which they request an extension of time to respond to the Summary Judgment Motion. <u>See</u> Motion at 2–3. According to Defendants, they cannot properly respond to the Summary Judgment Motion at this time "because essential facts are still being

discovered." Id. at 2; see Affidavit of Richard Pinson II (Doc. 62-1; Pinson Affidavit) at 3–6 (outlining the discovery that Defendants assert is still needed).

"The law in [the Eleventh] [C]ircuit is clear: the party opposing a motion for summary judgment should be permitted an adequate opportunity to complete discovery prior to consideration of [a motion for summary judgment]." Jones v. City of Columbus, 120 F.3d 248, 253 (11th Cir. 1997) (per curiam); Snook v. Tr. Co. of Ga. Bank of Savannah, 859 F.2d 865, 870–71 (11th Cir. 1988) (instructing that "summary judgment should not be granted until the party opposing the motion has had an adequate opportunity for discovery" and recognizing that opposing parties have a "right to utilize the discovery process to discover the facts necessary to justify their opposition to" a summary judgment motion); Kelsey v. Withers, 718 F. App'x 817, 820–21 (11th Cir. 2017) (affirming the district court's decision to strike a premature summary judgment motion and explaining that "'[d]istrict courts have unquestionable authority to control their own dockets,' including 'broad discretion in deciding how best to manage the cases before them'" (quoting Smith v. Psychiatric Sols., Inc., 750 F.3d 1253, 1262 (11th Cir. 2014))); Bradley v. Branch Banking & Tr. Co., No. 3:15-cv-00012-TCB-RGV, 2015 WL 11422296, at *8 (N.D. Ga. July 30, 2015) (collecting cases), adopted by 2015 WL 11455759, at *2 (N.D. Ga. Aug. 24, 2015). Indeed, fairness to the non-movant dictates that "summary judgment may only

be decided upon an adequate record." <u>WSB-TV v. Lee</u>, 842 F.2d 1266, 1269 (11th Cir. 1988).  Specifically, Rule 56(d) of the Federal Rules of Civil Procedure (Rule(s)) provides:

> If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
> (1)    defer considering the motion or deny it;
> (2)    allow time to obtain affidavits or declarations or to take discovery; or
> (3)    issue any other appropriate order.

Rule 56(d).  As such, a Rule 56(d) motion "must be supported by an affidavit which sets forth with particularity the facts the moving party expects to discover and how those facts would create a genuine issue of material fact precluding summary judgment." <u>Garner v. City of Ozark</u>, 587 F. App'x 515, 518 (11th Cir. 2014) (quoting <u>Harbert Int'l, Inc. v. James</u>, 157 F.3d 1271, 1280 (11th Cir. 1998)).  Whether to grant or deny a Rule 56(d) request "requires the court to balance the movant's demonstrated need for discovery against the burden such discovery will place on the opposing party." <u>See</u> <u>Harbert Int'l, Inc.</u>, 157 F.3d at 1280.[1]

Consistent with this authority, the Court finds good cause for Defendants' request that they not be required to respond to the Summary Judgment Motion

---

[1] Although <u>Harbert</u> references Rule 56(f), this Rule was later reclassified as Rule 56(d), without substantive change, effective December 1, 2010. <u>See</u> <u>Garner</u>, 587 F. App'x at 518 n.3 (citing Rule 56, Advisory Committee Notes to the 2010 Amendment).

at this time.  Defendants have shown by affidavit that they "cannot present facts essential to justify [their] opposition" until further discovery is completed. Rule 56(d); <u>see</u> Pinson Affidavit at 3–6.[2]  The Court further finds that six months appears to be an appropriate amount of time for Defendants to complete the discovery that they have requested.  Therefore, Defendants' Motion is due to be granted to the extent that Defendants will not be required to respond to Plaintiff's Summary Judgment Motion.  Although the Court could defer consideration of the Summary Judgment Motion until the parties have completed a period of discovery, the Court determines that denying the Summary Judgment Motion without prejudice to refiling is the better course of action.  The current Summary Judgment Motion is filed without knowledge of what may be disclosed in the course of discovery.  As such, the arguments presented may not accurately reflect the record evidence as it stands after discovery.  For this reason, the Court will deny the Summary Judgment Motion without prejudice to Plaintiff refiling a motion for summary judgment after the period of discovery set forth in this Order has been completed.  Accordingly, it is

     **ORDERED:**

---

[2]  <u>See</u> <u>United States ex rel. Krupp Steel Prods., Inc. v. Aetna Ins. Co.</u>, 831 F.2d 978, 980–83 (11th Cir. 1987) (finding that tracing responsibility for nonpayment and discerning the parties' understanding, customs, and practice concerning lien waivers were issues of material fact in a Miller Act case where estoppel was raised as a defense).

Defendants' Time-Sensitive Motion for Relief from Plaintiff's Motion for Summary Judgment Under Local Rule 3.01(e) (Doc. 61) is **GRANTED, in part, and DENIED, in part.**

1. The motion is **GRANTED** to the extent that

   A. Plaintiff's Motion for Final Summary Judgment (Doc. 58) is **DENIED without prejudice**.

   B. Plaintiff may file a renewed motion for summary judgment as to Count III of the Amended Complaint on or after June 30, 2022.

2. In all other respects, the motion is **DENIED**.

**DONE AND ORDERED** in Jacksonville, Florida, on January 19, 2022.

**MARCIA MORALES HOWARD**
United States District Judge

lc30
Copies to:

Counsel of Record
Pro Se Parties